UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ruth M. Dubon,<br><br>                    Plaintiff,<br><br>vs.<br><br>GEO Corrections and Detention,<br><br>                    Defendant. | Case No.: 3:18cv686-CAB-RBB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 5]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

     Ruth M. Dubon ("Plaintiff"), who alleges she was a detainee at the GEO Corrections and Detention facility ("GEO"),[1] in Imperial County, California, has filed a "claim for damage, injury or death" regarding an alleged failure to provide her with adequate medical attention while in detention. [Doc. No. 1-2.] On August 9, 2018, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP"). [Doc. No. 5.]

---

[1] It appears Plaintiff is no longer detained, as her return address is a private one. [*See* Doc. No. 5 at 6.]

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court has reviewed Plaintiff's IFP motion and finds it is sufficient to show that she is unable to pay the fees or post securities required to maintain a civil action. *See* S.D. CAL. CIVLR 3.2(d). Accordingly, Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5] is **GRANTED**.

## II. Screening of Plaintiff's Complaint

### A. Standard of Review

A complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff has filed a Standard Form 95 stating that when she was a detainee at GEO Corrections and Detention in Imperial County, she was attacked by an unknown inmate and dislocated her shoulder. [Doc. No. 1-2 at 1.] Plaintiff further states that "no one took action on my medical needs." *Id.* Plaintiff seeks $2 million for "personal injury." *Id.* Plaintiff has not filed an actual complaint, nor identified a specific defendant. Therefore, it is unclear what claims Plaintiff is asserting.

B. FTCA

If Plaintiff is attempting to invoke federal jurisdiction under the Federal Tort

Claims Act ("FTCA"), she fails to state a claim. *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. The FTCA is the exclusive remedy for individual plaintiffs seeking damages against the federal government for any alleged tortuous activities of governmental employees acting within the scope of employment. *See* 28 U.S.C. § 2674, 2679(b)(1); *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). Under the FTCA, the United States is the only proper defendant and is the sole party that may be sued. *See Kennedy v. U.S. Postal Service,* 145 F.3d 1077 (9th Cir. 1998) ("[T]he United States is the only proper party defendant in an FTCA action."). Individual persons and federal agencies, or individual institutions under its jurisdiction, like GEO, simply may not be sued under the FTCA. *See e.g.*, *Allen v. Veteran's Administration*, 749 F.2d 1386, 1388 (9th Cir. 1984) (stating that under the FTCA "individual agencies of the United States may not be sued."). Therefore, while Plaintiff may proceed under the FTCA against the United States,[3] she may not proceed under the FTCA as to any other party.

    C.    *Bivens*

If Plaintiff is attempting to bring a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, 403 U.S. 388 (1971), she also fails to state a claim.

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers for alleged violation of a citizen's rights under the Fourth

---

[3] Plaintiff has not specifically named the United States as a defendant in this case. Moreover, while Plaintiff has filed a Standard Form 95 in lieu of a complaint, it is not entirely clear she has exhausted administrative remedies prior to initiating this suit. *See* 28 U.S.C. §2675(a). Thus, Plaintiff is cautioned that any potential FTCA claims may later be subject to dismissal if she has not exhausted administrative remedies. *See McNeil v. U.S.*, 508 U.S. 106 (1993)(parties must exhaust administrative remedies prior to bringing suit under the FTCA). A federal court lacks subject matter jurisdiction over FTCA unless Plaintiff specifically alleges compliance with the FTCA's administrative exhaustion requirement. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980)("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.").

Amendment. 403 U.S. at 397; *Iqbal*, 556 U.S. at 675. After *Bivens*, the Supreme Court has found a similar cause of action implied against federal actors for alleged violations of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment clause of the Eighth Amendment. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 67-68 (2001); *see also Iqbal*, 556 U.S. at 675 (noting Supreme Court's refusal to "extend *Bivens* to a claim sounding in the First Amendment.") (citing *Bush v. Lucas*, 462 U.S. 367 (1983)).

However, the Court has expressly refused to extend liability for constitutional violations to federal agencies or private actors who contract with the federal government. *Malesko*, 534 U.S. at 69, 74. Thus, even if Plaintiff had filed a complaint pursuant to *Bivens*, to the extent she seeks to hold a GEO employee liable for damages incurred under color of *federal* law, she still fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679.

A *Bivens* action may be brought against a federal official in his or her individual capacity. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). However, *Bivens* does not authorize a suit for money damages against a private entity like GEO, or its employees. *See Malesko*, 534 U.S. at 66 n.2 (holding that *FDIC v. Meyer*, 510 U.S. 471 (1994), "forecloses the extension of *Bivens* to private entities."); *Minneci v. Pollard*, __U.S. __, 132 S. Ct. 617, 626 (2012) (foreclosing *Bivens* relief where federal prisoner sought damages from privately employed prison personnel, and despite Eighth Amendment inadequate medical care allegations, on grounds that the "conduct is of a kind that typically falls within the scope of traditional state tort law," and therefore "the prisoner must seek a remedy under state tort law."); *see also Valdovinos-Blanco v. Adler*, 585 Fed. App'x. 586, 587 (9th Cir. 2014) (affirming sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) of claims precluded by *Minneci*); *cf. Mirmehdi v. United States*, 689 F.3d 975, 983 (9th Cir. 2012) (declining to extend *Bivens* "to allow [aliens not lawfully in the United States] [to] sue federal agents for wrongful detention pending deportation given the extensive remedial procedures available to and invoked by them and the unique

foreign policy considerations implicated in the immigration context."); *see also Lockhart v. U.S. Marshal Liaison Epps*, No. 3:16-CV-01829-GPC-PCL, 2016 WL 6600430, at *4–5 (S.D. Cal. Nov. 8, 2016) (dismissing immigration detainee's Eighth Amendment inadequate dental care claims against Otay Mesa Detention Facility officials for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as foreclosed by *Minneci*).

Accordingly, if Plaintiff is attempting to allege constitutional violations committed by GEO employees, she fails to state a plausible claim upon which *Bivens* relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1127; *Calhoun*, 254 F.3d at 845.

### III. Conclusion and Order

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

2. **DISMISSES** this civil action for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. **GRANTS** Plaintiff leave to file a First Amended Complaint by **September 28, 2018**. Plaintiff's pleading must be identified as her First Amended Complaint, include Civil Case No. 18cv686-CAB-RBB in its caption, name **all** the parties she wishes to sue, and allege **all** the claims she wishes to pursue in one single, clear, and concise pleading.

4. If no First Amended Complaint is filed by September 28, 2018, the case shall be **DISMISSED** without prejudice and without further order from this Court.

Dated: August 22, 2018

Hon. Cathy Ann Bencivengo
United States District Judge